**Jimmy Lee BLACKMUN, Thomas D. Hiler, Michael Nelson and Allen Foxworth, Jr., individually and on Behalf of other inmates of the Palm Beach County Jail, Plaintiffs–Appellants,**

v.

**Richard WILLE, et al., Defendants–Appellees.**

**No. 91–5082.**

United States Court of Appeals, Eleventh Circuit.

Jan. 4, 1993.

James K. Green, Richard G. Lubin, Lubin & Gano, P.A., West Palm Beach, Fla., M. David Gelfand, Terry E. Allbritton, Appellate Advocacy Program, Dan Zimmerman, New Orleans, La., for plaintiffs-appellants.

Ronald K. McRae, County Atty., Frank J. McKeown, Jr., McKeown, Gamot & Phipps, P.A., Larry Klein, Klein & Walsh, P.A., Randy D. Ellison, West Palm Beach, Fla., for defendants-appellees.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and SMITH *, Senior Circuit Judge.

PER CURIAM:

Appellant Jimmie Lee Blackmun challenges the district court's modification of the consent decree entered into by a class of prisoners and appellee Wille. After we heard oral argument in this case, the Supreme Court decided *Rufo v. Inmates of Suffolk County Jail,* — U.S. ——, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). *Rufo* creates a new two-part test by which to judge proposed modifications of consent decrees in institutional litigation. First, "a party seeking modification of a consent decree bears the burden of establishing

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designa-

tion.

that a significant change in circumstances warrants revision of the decree." *Id.* at ——, 112 S.Ct. at 760. The movant may satisfy this burden "by showing either a significant change in factual conditions or in law." *Id.* Second, a district court "should consider whether the proposed modification is suitably tailored to the changed circumstance." *Id.*

 Because *Rufo* substantially changed the relevant legal standards that district courts must employ in modifying consent decrees,[1] and because the district court did not comply with *Rufo*'s two-part test, we vacate the district court's order and remand this case for further proceedings.

VACATED and REMANDED for further proceedings.

---

1. *Rufo* changes the applicable standard in this circuit. *See, e.g., Williams v. Butz,* 843 F.2d 1335, 1338 (11th Cir.1988) ("[T]he job of a district court ... is to look at the particular facts and circumstances of the case to determine whether the modification satisfies the underlying purpose of the decree.").