980 F.2d 691
 Jimmy Lee BLACKMUN, Thomas D. Hiler, Michael Nelson and
Allen Foxworth, Jr., individually and on Behalf of
other inmates of the Palm Beach County
Jail, Plaintiffs-Appellants,
v.
Richard WILLE, et al., Defendants-Appellees.
 No. 91-5082.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 4, 1993.
 
 James K. Green, Richard G. Lubin, Lubin & Gano, P.A., West Palm Beach, Fla., M. David Gelfand, Terry E. Allbritton, Appellate Advocacy Program, Dan Zimmerman, New Orleans, La., for plaintiffs-appellants.
 Ronald K. McRae, County Atty., Frank J. McKeown, Jr., McKeown, Gamot & Phipps, P.A., Larry Klein, Klein & Walsh, P.A., Randy D. Ellison, West Palm Beach, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and SMITH*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Jimmie Lee Blackmun challenges the district court's modification of the consent decree entered into by a class of prisoners and appellee Wille. After we heard oral argument in this case, the Supreme Court decided Rufo v. Inmates of Suffolk County Jail, --- U.S. ----, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). Rufo creates a new two-part test by which to judge proposed modifications of consent decrees in institutional litigation. First, "a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." Id. at ----, 112 S.Ct. at 760. The movant may satisfy this burden "by showing either a significant change in factual conditions or in law." Id. Second, a district court "should consider whether the proposed modification is suitably tailored to the changed circumstance." Id.
 
 
 2
 Because Rufo substantially changed the relevant legal standards that district courts must employ in modifying consent decrees,[1] and because the district court did not comply with Rufo 's two-part test, we vacate the district court's order and remand this case for further proceedings.
 
 
 3
 VACATED and REMANDED for further proceedings.
 
 
 
 *
 Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 Rufo changes the applicable standard in this circuit. See, e.g., Williams v. Butz, 843 F.2d 1335, 1338 (11th Cir.1988) ("[T]he job of a district court ... is to look at the particular facts and circumstances of the case to determine whether the modification satisfies the underlying purpose of the decree.")